

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 12, 1969

Honorable Phillip G. Hoffman
President, The University of Houston
Houston, Texas 77004

Attention: Honorable C. F. McElhinney
Senior Vice President and
Treasurer

Gentlemen:

Opinion No. M-537

Re: Whether the parking
fee charged students
by the University of
Houston is a volun-
tary or a compulsory
student service fee
under Article 2654a,
V.A.C.S.

We are in receipt of your request for an opinion of this
office concerning whether the parking fee which the University
of Houston charges only those students who elect to use the
University's parking facilities is a voluntary or a compulsory
fee under Section 4a of Article 2654a, Vernon's Civil Statutes.
That statute provides, in part:

"Each of the governing boards of the various
institutions of higher learning covered by Section
3 of this Article is authorized to charge and collect
from students registered in said respective institu-
tions fees to cover the cost of <u>student services</u>
which the said governing board deems necessary or
desirable in carrying out the educational functions
of the institution, such fee or fees to be either
voluntary or compulsory as determined by the said
governing boards. Provided, however, that the total
of all such compulsory student service fees collected
from all students shall not exceed Thirty Dollars
($30.) for any one (1) semester or summer session.
<u>Provided, however, no fee for parking services or
facilities may be levied on any student except those
who choose and desire to use the parking facilities
provided.</u>" (Emphasis added.)

"Student services" are defined in subsection b of the
statute so as to include specifically "automobile parking
privileges."

The University of Houston is one of the institutions
covered by Section 3 of Article 2654a. Since the final

2568

Honorable Phillip G. Hoffman, Page 2 (M-537)

proviso of Section 4a, emphasized above, requires that payment of fees for parking services and facilities at the institutions covered by Section 3 be left to the discretion of the individual students, depending upon whether or not those students desire to use such services and facilities, we are of the opinion that such fees are voluntary rather than compulsory student service fees under Subsection 4a of Article 2654a. That statute limits to $30.00 per student the total of compulsory student service fees collectible in any one semester or summer session, but does not limit the total per student amount of voluntary student service fees which may be collected. However, Section 4a of Article 2654a provides that such fees may be assessed "to cover the cost of student services," and consequently the amount assessed for any given service must be commensurate with the cost of such student service.

The parking fee described in your opinion request is one which the University of Houston charges only those students who desire to use the institution's parking facilities. It is, therefore, a voluntary student service fee under Section 4a of Article 2654a, V.A.C.S. and is not within the maximum dollar amount placed upon compulsory student service fees.

## S U M M A R Y

The fee which the University of Houston charges students for use of that institution's parking facilities is a voluntary student service fee, rather than a compulsory student service fee, under Section 4a of Article 2654a, V.A.C.S.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Rick P. Fisher
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Alan Minter
James Quick
Jack Sparks
Alfred Walker

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant